UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-62826-GAYLES

KIMBERLY HARDMAN,
          Plaintiff,

v.

ZALE DELAWARE, INC. d/b/a
PIERCING PAGODA,
          Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff Kimberly Hardman's Motion to Remand [ECF No. 7]. The Court has carefully considered the parties' briefs, the record in this case, and the applicable law, and is otherwise fully advised in the premises. Because the Court finds that Defendant Zale Delaware, Inc. ("Zale"), cannot establish that the amount in controversy exceeds the jurisdictional threshold, the motion to remand shall be granted.

**I.    BACKGROUND**

According to the allegations in the Complaint, Zale hired Hardman on March 2, 2015, to work as an assistant manager at one of its Piercing Pagoda retail locations in Florida. During the course of her employment, Hardman became pregnant and continued to work until three days before she delivered her baby on June 16, 2015. She took four weeks of Zale-approved time off of work and returned to work in July 2015. Upon her return, Hardman's manager, Luz,[1] notified her that she could not return to work without a doctor's note. Hardman then scheduled an appointment to see a physician, but the earliest available appointment was not for two months. Luz informed Hardman that two months was "too long" a period of time and that she needed to replace Hardman,

---

[1] Identified in the Complaint by this single name.

thus terminating Hardman's employment. Compl. ¶ 21.

On October 28, 2016, Hardman filed an action in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida, under the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01 *et seq.*, alleging that Zale discriminated against her in terms and conditions of her employment and denied her continued employment because of her pregnancy. Zale waived service of process and removed the action to this Court on November 30, 2016, invoking this Court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332.

On December 6, 2016, counsel for Zale asked counsel for Hardman if he would stipulate that Hardman would neither seek nor accept more than $75,000 in this case; Hardman's counsel declined. Def.'s Opp'n Ex. D. Hardman filed the instant motion to remand the following day, arguing that Zale cannot establish that the amount in controversy exceeds the $75,000 jurisdictional threshold established by 28 U.S.C. § 1332.[2]

## II.   LEGAL STANDARD

The statute governing removal, 28 U.S.C. § 1441, permits a defendant to remove most civil cases originally filed in state court to federal court if the federal court can properly exercise federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Federal question jurisdiction exists if the plaintiffs' suit "arises under" the "Constitution, laws, or treaties of the United States," and the issue "must appear on the face of the plaintiff's well-pleaded complaint." *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1251 (11th Cir. 2011) (quoting 28 U.S.C. § 1331). Generally, a case "arises under" federal law if federal law creates the cause of action, or if a substantial disputed issue of federal law is a necessary element of a state law claim. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10, 13 (1983). Diversity jurisdiction

---

[2]  Diversity of citizenship is not at issue here. Hardman is a citizen of Florida, and Zale is a Delaware corporation with a principal place of business in Texas. *See* Notice of Removal ¶¶ 20-21.

requires fully diverse citizenship of the parties and an amount in controversy over $75,000, assessed at the time of removal. *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011); *see also* 28 U.S.C. § 1332(a).

Upon removal, 28 U.S.C. § 1447(c) "implicitly recognizes two bases upon which a district court may—and in one case must—order a remand: when there is (1) a lack of subject matter jurisdiction or (2) a defect other than a lack of subject matter jurisdiction." *Hernandez v. Seminole County*, 334 F.3d 1233, 1236-37 (11th Cir. 2003) (citation omitted). If a plaintiff seeks remand on the basis of a lack of subject matter jurisdiction, she may file a motion to remand at any time, and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). If the plaintiff seeks remand on the basis of any other defect, she must file a motion to remand within thirty days after the filing of the notice of removal. *Id.* "The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction," *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012), and it bears the burden of demonstrating that removal is proper, *see Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

A district court considering a motion to remand "has before it only the limited universe of evidence available when the motion to remand is filed—*i.e.*, the notice of removal and accompanying documents," *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213-14 (11th Cir. 2007) (footnote omitted), although the court "when necessary [may] consider post-removal evidence in assessing removal jurisdiction," such as "to establish facts present at the time of removal," *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 773 (11th Cir. 2010) (quoting *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 946, 949 (11th Cir. 2000)). If that evidence is insufficient to establish the propriety of removal, "neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Lowery*, 483 F.3d at 1214-15. The district court is required to "'strictly construe

3

the right to remove' and apply a general 'presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand.'" *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (internal punctuation marks omitted) (quoting *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001)). That said, the court must be "equally vigilant" in protecting a defendant's right to proceed in federal court as it is in respecting the state court's right to retain jurisdiction. *Pretka*, 608 F.3d at 766.

### III.   DISCUSSION

#### A.   *Zale Has Failed to Establish the Amount in Controversy*

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"; however, when the plaintiff contests the defendant's allegation, 28 U.S.C. § 1446(c)(2)(B) mandates that the defendant establish by a preponderance of the evidence that the amount in controversy exceeds the threshold. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). Here, in accordance with Florida law, Hardman alleged in her Complaint only that she seeks "all damages recoverable under the [FCRA], including punitive damages, as well as costs, expenses, attorney fees and any other lawful relief this Court deems to be just and proper." Compl. at 4. Zale asserts that the total amount-in-controversy calculation should be an aggregate of potential awards of back pay, front pay, compensatory damages, punitive damages, and attorney's fees—an aggregate that, in Zale's view, exceeds $75,000.

To establish that federal jurisdiction exists, a defendant must do so by a showing of fact, and not mere conclusory allegation. *Lowery*, 483 F.3d at 1217; *see also Sierminski*, 216 F.3d at 949 (removal "cannot be based simply upon conclusory allegations where the ad damnum is silent" (citation and internal quotation marks omitted)). District courts can make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-

4

62 (11th Cir. 2010) (quoting *Pretka*, 608 F.3d at 754). Courts "may use their judicial experience and common sense" in determining whether the amount in controversy is met, *id.* at 1062, but if the jurisdictional amount is "neither stated clearly on the face of the documents before the court, nor readily deducible from them, the district court lacks subject matter jurisdiction and must remand to state court." *Rae v. Perry*, 392 F. App'x 753, 755 (11th Cir. 2010) (per curiam) (citing *Lowery*, 483 F.3d at 1210-11, 1219).

### 1. Back Pay

Under the FRCA, the court may issue an order providing affirmative relief, including back pay. Fla. Stat. § 760.11(5). District courts in Florida dispute whether back pay is to be calculated from termination through the date of removal or from termination through the date of the trial, estimating a trial date if one has not already been determined. *Compare, e.g.*, *Ambridge v. Wells Fargo Bank, N.A.*, 14-1212, 2014 WL 4471545, at *3 (M.D. Fla. Sept. 10, 2014) (date of removal); *Henderson v. Ricoh Ams. Corp.*, No. 09-2467, 2009 WL 5171775, at *2 (M.D. Fla. Dec. 22, 2009) (same); *and Snead v. AAR Mfg., Inc.*, No. 09-1733, 2009 WL 3242013, at *2 (M.D. Fla. Oct. 6, 2009), *with, e.g.*, *Sheehan v. Westcare Found., Inc.*, No. 12-2544, 2013 WL 247143, at *2 (M.D. Fla. Jan. 23, 2013) (date of trial); *Morgan v. Sears, Roebuck & Co.*, No. 12-60055, 2012 WL 2523692, at *2 (S.D. Fla. June 29, 2012); *and Fusco v. Victoria's Secret Stores, LLC*, 806 F. Supp. 2d 1240, 1244 (M.D. Fla. Aug. 19, 2011) (same).

In refusing to calculate back pay through the trial date, one court stated:

> [T]his Court is not persuaded that reasonable deductions can support calculating back pay through the date of trial. If calculated through the date of trial, the Court would be required to not only estimate a trial date, but also predict whether Plaintiff will or will not continue to mitigate his damages between the date of removal and that estimated trial date. These predictions would be too uncertain and based on the unknown, impermissibly formed from speculation, rather than evidence before the Court. For the purposes of this motion, the Court will calculate back pay through the date of removal to avoid impermissible speculation.

*Ambridge*, 2014 WL 4471545, at *3.

Here, the Court finds that calculating back pay from the date of date of Hardman's termination through the trial is too speculative under the same reasoning applied by the court in *Ambridge* and other courts electing to calculate back pay through the date of removal.[3] The need to estimate the trial date and predict whether Hardman will mitigate her damages and to what extent would result in an amount based more on conjecture than on evidence. For purposes of this motion, the Court will avoid such speculation and will calculate back pay from the date of termination through the date Zale filed its Notice of Removal. The amount will account for the sixteen-month period from July 23, 2015, through November 30, 2016, in the total amount of $38,281.28.[4]

### 2. Front Pay

Under the FCRA, plaintiffs are entitled to make a claim for either reinstatement or "front pay"—"an amount of money awarded after trial in lieu of, or until, reinstatement." *Brochu v. City of Riviera Beach,* 304 F.3d 1144, 1162 n.31 (11th Cir. 2002). Reinstatement is presumptively the "appropriate remedy in a wrongful discharge case," as front pay is awarded in lieu of reinstatement only in extenuating circumstances. *U.S. Equal Emp't Opportunity Comm. v. W & O, Inc.*, 213 F.3d 600, 619 (11th Cir. 2000). "In deciding to award front pay, rather than reinstatement, courts will consider whether 'discord and antagonism between the parties would render reinstate-

---

[3] Another court in the Middle District of Florida reasoned:

> Orders that explain why the amount in controversy should include post-removal back-pay rely on *Pretka* . . . — which permits "deduction, inference or other extrapolation" in determining the amount in controversy—and *Roe* . . . — which permits "experience and common sense in determining" the amount in controversy. However, although *Pretka* and [*Roe*] describe how a court may calculate an amount in controversy, they fail to change the timing requirement for an amount in controversy. Indeed, *Pretka* affirms that "[a] court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." Even if a court could "deduce, infer, or extrapolate" post-removal back pay, that back-pay is not "in controversy" at the time of removal.

*Davis v. Tampa Ship, LLC*, No. 14-0651, 2014 WL 2441900, at *2 (M.D. Fla. May 30, 2014) (citations and footnotes omitted).

[4] For purposes of this Order, the Court accepts Zale's calculation of back pay based on an extrapolation of Hardman's earnings from her employment with Zale, as stated on her W-2. *See* Def.'s Opp'n at 3-4; Def.'s Opp'n Ex. B.

ment ineffective as a make-whole remedy,' the 'defendant's management [had] intimidated or threatened the plaintiff,' or the termination had harmed the plaintiff's emotional well-being." (citations omitted) (quoting *Lewis v. Fed. Prison Indus.,* 953 F.2d 1277, 1280 (11th Cir. 1992)).

In *Lewis*, the plaintiff, who was within four years of mandatory retirement, left his employment after his supervisor "initiated a campaign of harassment designed to force [the plaintiff's] early retirement." 953 F.2d at 1278. In support of his claim for front pay, the plaintiff submitted evidence, including testimony from his treating psychiatrist, that showed he had left an extremely "antagonistic, discriminatory work environment" with an "emotional disturbance that rendered him unfit to return to that environment." *Id.* at 1281. The Eleventh Circuit, noting that "[f]ront pay remains a special remedy warranted only by egregious circumstances," *id.*, found that these factors combined constituted such egregious circumstances justifying an award of front pay. *See id.* ("[T]he most important factor remains the evidence adduced at trial that the discrimination endured by [the plaintiff] in effect *disabled* him." (emphasis in original)).

Here, however, Hardman does not allege such egregious circumstances surrounding her termination. In her August 2016 demand letter to Zale, she claims to have "severely suffered as a result of this unlawful conduct," including "depression, emotional distress, and an overall sense of failure." Def.'s Opp'n Ex. C at 1. But she makes no reference in either the Complaint or the submitted evidence to anything amounting to an "antagonistic relationship[]" or systematic intimidation, the behaviors the *Lewis* court found to be illustrative of "egregious circumstances." 953 F.2d at 1281. There is simply no indication that Hardman would be unwilling to return to return to her previous employment or that Zale is unwilling to reinstate her. Thus, it is extremely unlikely that an award of front pay would be granted, and the Court will not consider it in calculating the amount in controversy.

### 3.     Compensatory Damages

In actions brought under the FRCA, "[t]he court may also award compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, and punitive damages." Fla. Stat. § 760.11(5). "While it is difficult to quantify the value of these damages, for purposes of determining the amount in controversy, a defendant may satisfy its burden by submitting evidence of damages from decisions in comparable cases." *Schmidt v. Pantry, Inc.,* No. 11-0228, 2012 WL 1313490, at *3 (N.D. Fla. Mar. 6, 2012), *report and recommendation adopted*, 2012 WL 1313480 (N.D. Fla. Apr. 17, 2012). However, reliance on past verdict awards for "purportedly similar" claims is inadequate to satisfy the jurisdictional amount. *See Lowery*, 483 F.3d at 1220-21 ("[W]e question whether such general evidence [of previous verdict awards] is ever of much use in establishing the value of claims in any one particular suit. Looking only to this evidence and the complaint, the facts regarding other cases tell us nothing about the value of the claims in this lawsuit.").

Zale cites several jury awards from FCRA and other employment discrimination cases far in excess of the jurisdictional amount, *see* Def.'s Opp'n at 8-9, but at the same time fails to demonstrate the relevance of these verdict awards to the present litigation or the amount in controversy at issue. Zale explains little about each cited case, stating only that they are FCRA cases and listing the amount awarded by the verdict; it provides no similarity between the factual circumstances underlying the claims in those cases and the present case that would justify including a sum similar to the referenced jury awards in the amount in controversy in this case. *See Brown v. Am. Express Co.*, No. 09-61758, 2010 WL 527756, at *6 (S.D. Fla. Feb. 10, 2010) ("Defendant's reliance on a factually dissimilar age discrimination case does not provide a sufficient basis for calculating the amount in controversy."); *Destel v. McRoberts Protective Agency, Inc.*, 03-62067, 2004 WL 746293, at *4 (S.D. Fla. Feb. 17, 2004) (finding that the defendant failed to establish the jurisdic-

tional amount by merely citing to "cases where other plaintiffs were awarded large amounts in compensatory and/or punitive damages without comparing the factual or legal claims made in those cases to [p]laintiff's claims"). Zale has provided "no information . . . that allows [the Court] to assess or even make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' as to the type or amount of compensatory damages to which [Hardman] might be entitled." *Marcenaro v. Creative Hairdressers Inc.*, No. 12-60236, 2012 WL 1405690, at *3 (S.D. Fla. Apr. 23, 2012) (quoting *Pretka*, 608 F.3d at 754). Given that Zale has provided no evidence about the compensatory damages sought or available in this case, the Court will not consider compensatory damages in calculating the amount in controversy.

    **4.**    **Punitive Damages**

For actions brought under the FCRA, punitive damages are available to a plaintiff not to exceed $100,000. Fla. Stat. § 760.11(5). Defendant states that because it is not apparent to a legal certainty that the full, statutory allowable amount cannot be recovered, then this amount should be included in the amount in controversy. In *Marcenaro*, the defendant argued this very point. But Judge Marra, the presiding judge, refused to agree that "the mere request for punitive damages" satisfied the jurisdictional amount because "drawing such a conclusion would be nothing more than speculation and is impermissible." 2012 WL 1405690, at *3; *see also Desmond v. HSBC Card Servs., Inc.*, No. 09-1272, 2009 WL 2436582, at *2 (M.D. Fla. Aug. 6, 2009) ("[I]f the prayer for punitive damages satisfies the amount in controversy requirement, nearly every . . . case [in which punitive damages are permitted] is immediately removable."). Zale produces no evidence and does not attempt to estimate the amount of a potential punitive damages award. Rather, it simply states the proposition that "punitive damages must be considered unless it is apparent to a legal certainty that such cannot be recovered." Def.'s Opp'n at 9 (emphasis removed) (quoting *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)). Zale erroneously

9

interprets this proposition as requiring courts to apply the maximum punitive damage award allowed under the FCRA unless a plaintiff proves to a legal certainty that such an amount cannot be recovered. This would impermissibly shift the burden to Hardman to prove the amount in controversy on her own motion to remand. The burden is Zale's alone, and because Zale has provided no evidence to the contrary, the Court finds that it would be speculative to calculate an unsupported amount of punitive damages as part of the amount in controversy.

### 5.     Attorney's Fees

The FCRA provides that a court, "in its discretion, may allow the prevailing party a reasonable attorney's fee *as part of the costs*." Fla. Stat. § 760.11(5) (emphasis added). Court costs and interest cannot be incorporated into the amount in controversy calculation. 28 U.S.C. § 1332(a). "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000).[5]

Zale states that Hardman will likely satisfy the jurisdictional amount through attorney's fees alone, by estimating that the reasonable rate for Hardman's counsel is $250.00 per hour[6] and that Hardman's counsel is more likely than not to expend 300.1 hours working on this case, which would amount to $75,000.01 in fees. Def.'s Opp'n at 12. The Court rejects this estimation. Zale

---

[5] Several courts, citing the text of the FCRA, have decided categorically against considering attorney's fees in calculating the amount in controversy in an FCRA action. *See, e.g.*, Order Granting Plaintiff's Motion to Remand, *Jones v. Dollar Tree Stores, Inc.*, No. 12-61262 (S.D. Fla. Aug. 3, 2012), ECF No. 14; *Martinez v. Davey Tree Expert Co.*, No. 11-0873, 2011 WL 3794754, at *3 (M.D. Fla. Aug. 26, 2011); *Fusco*, 806 F. Supp. 2d at 1244 n.2. The approach of those courts, however, is incorrect. *See Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933) ("Evidently, the [state] court concluded because the state statute directed that attorneys' fees should be treated as costs, they were costs within the removal statute. . . . But this view was rejected here in *Sioux County, Neb. v. National Surety Co.*, 276 U.S. 238, 241 [1928]. . . . [Here, i]n the state court the [plaintiff] sought to enforce the liability imposed by statute for his benefit—to collect something to which the law gave him a right. The amount so demanded became part of the matter put in controversy by the complaint, and not mere 'costs' excluded from the reckoning by the jurisdictional and removal statutes.").

[6] This rate is based on the determination of a court in the U.S. District Court for the Middle District of Florida that a reasonable rate for Hardman's counsel was $250.00 per hour. *See* Report and Recommendation at 3-4, *Borrelli v. Daytona Beach Kennel Club, Inc.*, No 11-cv-1453 (M.D. Fla. Dec. 19, 2012), ECF No. 55, *report and recommendation adopted*, Order at 1 (M.D. Fla. Jan. 3, 2013), ECF No. 56.

merely takes a reasonable fee for Hardman's counsel recognized by a previous court, calculated how many hours counsel would need to work at that rate to satisfy the jurisdictional amount, and decided it is more likely than not that he will work that many hours on this case. Zale has failed to show the amount of attorney's fees Hardman's counsel has incurred, the number of hours he had worked at the time Zale removed, or any factual basis for its proposed value of attorney's fees. This calculation of attorney's fees is conclusory at best and will not be included in determining the amount in controversy.

### 6.     Failure to Stipulate

Finally, Zale asserts that Hardman's counsel's failure to stipulate that Hardman would not seek or accept more than $75,000 in this litigation is dispositive of the amount-in-controversy requirement. "There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [defendant]'s burden of proof on the jurisdictional issue." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001). Given that the only reasonable evidence Zale has submitted to the Court is an estimation of Hardman's back pay damages, the Court will not use Hardman's decision not to stipulate to fill the nearly forty-thousand-dollar gap between that estimation and the jurisdictional threshold. *Cf. Ellison v. Coca-Cola Refreshments USA, Inc.*, No. 15-0246, 2015 WL 6769449, at *2 (M.D. Fla. Nov. 6, 2015) (stating that the plaintiff's refusal to stipulate to the amount of damages "adds little weight" but ultimately concluding that the defendant had plausibly alleged the amount in controversy exceeded $75,000 for other reasons based on other evidence).

\*   \*   \*

Upon consideration of the foregoing, the Court finds that Zale has failed to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. Remand is therefore warranted.

### B. *Hardman Is Not Entitled to Attorney's Fees and Costs*

In the event the Court granted the motion to remand, Hardman seeks an award of attorney's fees and costs. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). "Absent unusual circumstances, courts may award fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Given that Florida district courts dispute whether to calculate back pay in FCRA cases through the date of removal or the date of trial, the Court finds that Zale did have an objectively reasonable basis for seeking removal. Thus, Hardman's request for fees and costs is denied.

### IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the Plaintiff's Motion to Remand [ECF No. 7] is **GRANTED**. This action is **REMANDED** in its entirety to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

**IT IS FURTHER ORDERED** that the Plaintiff's request for an award of attorney's fees and costs, pursuant to 28 U.S.C. § 1447(c), is **DENIED**.

This action is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of February, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE